Lindley, J.
(dissenting). I respectfully dissent. In my view, the jury, by issuing a note stating that it had reached a verdict, impliedly rescinded its outstanding notes requesting a readback of certain instructions and certain testimony, and County Court therefore did not err in concluding that “the jury had resolved its questions and was no longer in need of the requested information” (People v Sorrell, 108 AD3d 787, 793 [2013]; see People v Cornado, 60 AD3d 450, 451 [2009], lv denied 12 NY3d 913 [2009]; People v Quintana, 262 AD2d 101, 101 [1999], lv denied 94 NY2d 865 [1999]). In any event, even assuming, arguendo, that the court erred in failing to respond to the outstanding jury notes, I note that defendant did not object to the court’s taking of the verdict, and his contention that the court erred in accepting the verdict without responding to the jury notes is thus unpreserved for our review (see generally CPL 470.05 [2]).
Unlike the majority, I do not perceive the court’s failure to respond to the outstanding notes to be a mode of proceedings error that does not require preservation (see People v Geroyianis, 96 AD3d 1641, 1643 [2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]; Cornado, 60 AD3d at 451). Although providing a meaningful response to notes from the jury is clearly among the court’s “core responsibilities” under CPL 310.30 (People v Tabb, 13 NY3d 852, 853 [2009]; see People v O’Rama, 78 NY2d 270, 277 [1991]), the statute does not expressly require the court to respond to a note that is followed by an announcement from the jury that it has reached a verdict. Nor is there any case law specifically directing trial courts to respond to outstanding notes under such circumstances. Unlike in O’Rama and its progeny, the court here properly read the notes into the record and solicited input from defense counsel with respect to an appropriate response. While the court and counsel were discussing how to respond to the notes, the jury announced that it had reached a verdict. Despite having full knowledge of all the relevant facts, defense counsel elected not to object to the court’s taking of the verdict and, indeed, may well have consented to it during an off-the-record sidebar discussion.
As the Court of Appeals has emphasized, “[n]ot every procedural misstep in a criminal case is a mode of proceedings error,” a term that is “reserved for the most fundamental flaws” (People v Becoats, 17 NY3d 643, 651 [2011]; see People v Alcide, 21 NY3d 687, 695 [2013]). In my view, the court’s failure to respond to the outstanding jury notes, even if error, was not so significant or prejudicial as to constitute a fundamental flaw in the criminal process. I would therefore affirm the judgment of *1453 conviction.
Present—Scudder, EJ., Peradotto, Carni and Lindley, JJ.